**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 08-4137**

————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ZACHARY WILLIAM SANDERS,

             Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:06-cr-253-D-1)

————————

Submitted:  December 16, 2008      Decided:  December 19, 2008

————————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

David W. Long, POYNER & SPRUILL LLP, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary William Sanders pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006); one count of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2006). After application of a career offender enhancement, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2007); an additional two-level enhancement because the firearm was stolen, USSG § 2K1.1(b)(4)(A); and a three-level reduction for acceptance of responsibility, USSG § 3B1.1(b), the district court sentenced Sanders to 276 months' imprisonment. Sanders' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether sentencing Sanders as a career offender violated his Sixth Amendment rights, and whether Sanders' sentence was reasonable. Sanders was advised of his right to file a pro se brief, but has failed to do so. We affirm.

Sanders does not dispute that he satisfies the requirements for career offender status, and his claim that such classification violates his constitutional rights fails. As we previously have held, the application of the career offender

2

enhancement is properly predicated upon prior convictions found by a sentencing judge where, as here, the relevant facts supporting the enhancement are undisputed, making it unnecessary for the court to resolve disputed issues of material fact. See United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005).

We review the sentence imposed upon Sanders by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district court must follow in sentencing). Although Sanders contends that his sentence is unreasonable, the record reflects that the district court properly determined the advisory and statutory guideline range, considered the relevant sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and sentenced Sanders within a correctly calculated guideline range. As the district court complied fully with the constitutional and statutory requirements in imposing Sanders' sentence, we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sanders' conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED